**Ben C. LEEHANS, Appellant,**

v.

**AMERICAN EMPLOYERS INSURANCE COMPANY, Inc., Appellee.**

**No. 17826.**

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1959.

Garland R. Rolling, Metairie, La., for appellant.

Robert E. Leake, Jr., New Orleans, La., Faris, Leake & Emmett, New Orleans, La., of counsel, for appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The appellant, who was plaintiff in the district court, sued the liability insurer of the operator of a restaurant charging that he sustained injuries to his hands from an acid alleged to have been present in the soap supplied in a washroom of the restaurant. Pain, suffering, disablement and disfigurement were alleged in the complaint and damages in the amount of $13,045 were sought. Diversity of citizenship was the basis of federal jurisdiction. The defendant, the appellee here, moved to dismiss and asserted, as a ground for the motion, that the injuries were so minor that the claim for damages exceeding the jurisdictional amount of $10,000 was not made in good faith. The deposition of the doctor who treated the plaintiff was taken. The court granted the motion and entered judgment for the defendant. On appeal it is urged that where the pain and suffering are alleged the jurisdictional amount as alleged by a plaintiff must be accepted. Such is not the rule. Turner v. Wilson Line of Massachusetts, 1 Cir., 1957, 242 F.2d 414. The holding of the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, does not, as the plaintiff urges, require a reversal. The record sustains the action of the district court. Its judgment is

Affirmed.