Christopher M. MITCHELL, Plaintiff,

v.

Louis COLE, Defendant.

Civ. No. 3525.

United States District Court
W. D. Wisconsin.

May 11, 1964.

Lester D. Posner, Posner & Rubin, Milwaukee, Wis., for plaintiff.

Laurence W. Hall, Hall & Griffith, Madison, Wis., for defendant.

RABINOVITZ, District Judge.

This is an assault and battery action commenced in the Circuit Court of Jefferson County, Wisconsin, involving an assault and battery that is alleged to have occurred on August 2, 1961, at a tavern near Jefferson, Wisconsin. The action was removed to this court.

The defendant died on October 14, 1963, at Peru, Indiana. Neither the plaintiff nor the defendant caused the appointment of an executor or administrator for the estate of the defendant, Louis Cole, deceased.

The matter is now before the Court on a motion for dismissal on the grounds that the defendant is deceased, and no executor or administrator had been substituted as a party defendant; and further, that on the pleadings and the depositions taken in this matter, the Court is without jurisdiction to try and determine this action.

The contention of the defendant is that the plaintiff is suing for $50,000 general damages, $2,000 special damages, $50,000 punitive damages, or a total of $102,000, and under Title 28, Section 1331(a), U.S.C.A., the Court lacks jurisdiction contending that the matter in controversy does not exceed the sum of $10,000.

■ The Court construes the motion as one being under Rule 12(b) (6) of the Federal Rules of Civil Procedure, namely, that the complaint fails to state a claim upon which relief can be granted under Rule 12(c), being a motion for judgment on the pleadings, and, under said provision the Court may and will consider in its decision not only the formal pleadings of the complaint, answer and counterclaim, but also the depositions of both the plaintiff and the defendant which were taken pursuant to the Federal Rules of Civil Procedure.

■ First of all, the matter should be dismissed because of the failure of the plaintiff to substitute a party defendant for the deceased defendant by way of appointment of an executor or administrator.

### Lack of Jurisdiction

The Court is aware of the leading cases on the subject of dismissal because of lack of jurisdiction. One of the leading cases is that of St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, where the court held that the plaintiff's complaint was controlling if claim is made in good faith for an amount in excess of the jurisdiction, namely $10,000. However, the court first said at page 289 of 303 U.S., at page 590 of 58 S.Ct.:

"But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

In the case of Matthiesen v. Northwestern Mutual Insurance Company, 5 Cir., 286 F.2d 775, decided February 15, 1961, the court found that plaintiff who suffered a fractured humerus which healed without incident and had no resid-ual disability and resulted in no loss of earnings, and only $50.00 medical expenses, constituted a finding that assertion of jurisdictional amount did not amount to "good faith". The case of St. Paul Mercury Indemnity Co., supra, is cited therein and the following language is quoted by the court:

"'* * * [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim."

Quoting further from the Matthiesen case, supra, the case of McDonald v. Patton, 4 Cir., 240 F.2d 424 at 425 states the following appropriate language:

"'* * * when a plaintiff in good faith asserts a claim in an amount within the jurisdiction of the Court, the Judge is forbidden "to interpose and try a sufficient part of the controversy between the parties to satisfy himself that the plaintiff ought to recover less than the jurisdictional amount, and to conclude, therefore, that the real controversy between the parties is concerning a subject of less than the jurisdictional value."

"'In applying this test, it has been further recognized that while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. Such is the doctrine laid down in St.

Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845. However, the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in favor of the subjective good faith of the plaintiff."

In another leading case, Turner v. Wilson Line of Massachusetts, 1 Cir., 242 F.2d 414, the court found that recovery could not be had for the wrongful death occurring on navigable waters of a state, in which state there was absence of a wrongful death statute. The recovery was limited to pain for seven or eight hours, and the court held that pain for seven or eight hours would not warrant award of $3,000 so as to bring the action therefor within jurisdiction of federal court. 28 U.S.C.A. § 1331.

In Leehans v. American Employers Insurance Company, Inc., 5 Cir., 273 F.2d 72, the plaintiff sued the liability insurer of the operator of a restaurant charging that he sustained injuries to his hands from an acid alleged to have been present in the soap supplied in a washroom of the restaurant. The complaint sought damages in the amount of $13,045. The deposition of the doctor who treated the plaintiff was in the record. The court held that the jurisdictional amount as alleged by the plaintiff does not have to be accepted and cited the Turner and St. Paul Mercury Indemnity Co. cases.

■ In the instant case the facts as revealed by the depositions of both the plaintiff and defendant are part of the record and may be used and referred to by the court in ruling on this motion, as was the deposition of the doctor in the Leehans case, supra.

Under Rule 26(d) (3) of the Federal Rules of Civil Procedure, the deposition of a witness may be used by any party for any purpose when the court finds: 1, that the witness is dead.

■ The deposition of the plaintiff reveals that he came to a tavern presided over by a female bartender and made inquiry as to who was the owner of the tavern. The lady behind the bar asserted that she was the owner, and the defendant, who was sitting in front of the bar, claimed that he was the owner. An argument ensued between the defendant and the lady involved. The plaintiff then made inquiry as to the whereabouts of a certain individual, and the defendant asserted that this individual at one time was employed by him as a bartender and he discharged him because he allegedly was caught in a compromising position with his friend, the female bartender. The plaintiff drank quite heavily at the tavern and consumed about seven or eight drinks of Scotch. The plaintiff proceeded to call this discharged bartender by telephone and subsequently caused him to come to the tavern. Further arguments ensued and culminated by the plaintiff writing out a check for $30,000 and handed it to the defendant for the purchase of the tavern business. He admitted at the time of the deposition that the check was worthless and that he had no such sum of money on deposit in the bank on which he drew the check. The plaintiff kept taunting the defendant and calling him "Dad" and various other names. Finally the defendant obtained a "boning" knife and attempted to attack the plaintiff, claiming that he, the plaintiff, intended to make love to the defendant's girl friend. A fight ensued and although there is a conflict in the testimony, it appears that the plaintiff, who was much younger, stronger and heavier than the defendant, pushed the defendant with a chair and as a result of the fight the plaintiff incurred a cut on his thumb. He applied a "Band-Aid" to the thumb and kept on making the rounds with the discharged bartender at other taverns imbibing more drinks. He stayed overnight in Jefferson and did see a doctor in Milwaukee the next day who put some stitches in his thumb. He

had no doctor bill at the time of the deposition and claimed no loss of wages.

Under no conceivable circumstances could the plaintiff recover an amount even remotely required for the jurisdiction of this court in the sum of $10,000.00.

The court construes that this action was not started in good faith.

This case is therefore dismissed on the grounds of improper party defendant; and further, that there is a lack of the jurisdictional amount, $10,000.00, under Title 28, Section 1331(a). Defendant did not object to the dismissal without prejudice and without further costs.

Therefore, it is ordered, that this action be dismissed, without prejudice and without further costs to either party.