337 F.2d 160
 F & S CONSTRUCTION COMPANY, Inc., an Arizona corporation, Appellant,
v.
Oliver Andrew JENSEN and Neldo M. Jensen, Appellees.
F & S CONSTRUCTION COMPANY, Inc., an Arizona corporation, Appellant,
v.
Orval Eldan WINTERS and Ruth W. Winters, Appellees.
 Nos. 7470, 7473.
 United States Court of Appeals Tenth Circuit.
 Sept. 1, 1964, Rehearing Denied Nov. 5, 1964.
 
 William E. Kenworthy, of Fugate, Mitchem & Hoffman, Denver, Colo., for appellant.
 Robert G. McIlhenny, Denver, Colo. (George Castillo, Denver, Colo., on the brief), for appellees.
 Before PICKETT, LEWIS and HILL, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 These consolidated appeals present the question of the sufficiency of the amount in controversy to give the district court jurisdiction under the provisions of 28 U.S.C. 1332(a). In each case the complaint alleges that the plaintiff purchased a home in Adams County, Colorado from the defendant for a consideration of $10,500; that the value of the property was increased to approximately $13,000 through improvements; that because of defects in the houses the properties were rendered valueless and the damages sustained by the plaintiffs was approximately $14,000. The allegations as to the value of the properties were denied, and in its answers, the defendant did not admit that the amount in controversy exceeded $10,000, but put the plaintiffs 'to strict proof thereon.' Thereafter defendant moved to dismiss the actions upon the grounds that the plaintiffs could not in good faith assert that their damages exceeded the sum of $10,000. This motion was denied. The cases were tried to the court without a jury, and damages in the sum of $5,000 was awarded to each.
 
 
 2
 Upon the trial, plaintiffs established their damages as the difference between the value of the properties in an undamaged condition and the value after the defects occurred.[1] The evidence was without conflict that plaintiffs' properties as improved, without the defects and damages which occurred after the properties were purchased, would have a value of from $12,000 to $13,000. The highest cost for necessary repairs to the houses was given as $7,000, and as low as $5,000. The plaintiffs' evidence was that the present fair market value of the houses at the time of trial was between $6,500 and $7,000.[2] The Winters' house sold for $7,500 at about the time the action was brought. It appears that the Jensens were living in their home at the time of trial. The record clearly shows that the plaintiffs never had a claim which would exceed $10,000, and that the allegation with reference thereto was inflated for jurisdictional purposes. In each case, the court found that the plaintiff's claim for damages in excess of $10,000 could not have been made in good faith. Plaintiffs were denied their costs and judgment for the defendant for its costs was entered.
 
 
 3
 Prior to 1958 the amount in controversy necessary to give federal district courts jurisdiction in diversity cases was $3,000. To relieve the congestion caused by the rapidly increasing number of civil cases brought in federal courts, 28 U.S.C. 1332(a) was amended to raise the jurisdictional amount to $10,000. Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890, rehearing denied 368 U.S. 870, 82 S.Ct. 24, 7 L.Ed.2d 70; U.S.Code Cong. & Adm.News 1958, Vol. 2, p. 3099. Section 1332 was also amended to authorize the district court to deny costs to the plaintiff and to impose defendant's costs upon the plaintiff in any case where the plaintiff's recovery was less than the sum or value of $10,000.
 
 
 4
 It is now settled that when there is an issue as to the sufficiency of the jurisdictional amount, the burden of proving jurisdiction is on the party asserting it. City of Lawton, Okl. v. Chapman, 10 Cir., 257 F.2d 601; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. Furthermore, statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction. Aetna Ins. Co. v. Chicago, R.I. & P.R.R., 10 Cir., 229 F.2d 584; Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248.
 
 
 5
 Ordinarily the amount claimed by the plaintiff in pleadings controls if the claim is apparently in good faith, even though the recovery is less than the jurisdictional amount. But if it is established, as a matter of law, before trial or during the trial, that the plaintiff was not entitled to recover an amount equal to the jurisdictional requirement, the court does not have jurisdiction. The test enunciated in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 is: 'But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.' Similar language was used by this court in Wyoming Ry. Co. v. Herrington, 10 Cir., 163 F.2d 1004, 1006, where it was said:
 
 
 6
 'It is only where it appears to a legal certainty from the face of the complaint that the plaintiff cannot recover an amount within the jurisdiction of the court, or where it appears from the proof that the plaintiff never was entitled to recover that amount, and that the claim is merely colorable for the purpose of conferring jurisdiction, that a suit of this kind will be dismissed for want of the requisite amount in controversy.'
 
 
 7
 See, also McAleer v. McNally Pittsburg Mfg. Corp., 3 Cir., 307 F.2d 220; Panama Transport Co. v. Greenberg, 1 Cir., 290 F.2d 125, cert. denied 368 U.S. 891, 82 S.Ct. 143, 7 L.Ed.2d 88; Matthiesen v. Northwestern Mut'l Ins. Co., 5 Cir., 286 F.2d 775; Fireman's Fund Ins. Co. v. Railway Express Agcy., 6 Cir., 253 F.2d 780; Branding Iron Club v. Riggs, 10 Cir., 207 F.2d 720; Berger v. Austin, Nichols & Co., 7 Cir., 170 F.2d 330; National Surety Corp. v. City of Excelsior Springs, 8 Cir., 123 F.2d 573, 156 A.L.R. 422; 1 Barron & Holtzoff, Federal Practice and Procedure, 24, p. 105, et seq.[3]
 
 
 8
 Here the court, from substantial evidence, found in each case that the allegation of the amount in controversy was not made in good faith. The theory of the plaintiffs' damages in each case establishes to a legal certainty that they were not and could not be damaged in an amount in excess of $10,000. We find no decision which has sustained federal jurisdiction in a diversity case where it was found that the allegation as to the amount in controversy was not made in good faith.
 
 
 9
 Reversed and remanded with instructions to dismiss the actions.
 
 
 
 [1]
 The facts in these cases as to the cause of the damage to the same kind of houses are essentially the same as those in F & S Construction Co. v. Berube, 10 Cir., 322 F.2d 782. The attorneys for the plaintiffs here represented the plaintiffs in the Berube case and knew that the recovery did not approach the sum of $10,000
 
 
 [2]
 These values were established by the testimony of a real estate dealer who had 'handled a considerable number of houses in the Thornton area which have had damage similar to that of plaintiffs' house.'
 
 
 [3]
 The problem of the trial courts when the jurisdiction is challenged for insufficiency of amount in controversy is well expressed by Judge Kaufman in Brown v. Bodak, D.C.S.D.N.Y., 188 F.Supp. 532, 533-534, where it is said:
 'The question is, then, whether the plaintiff is legitimately and honestly claiming that the amount of his damages exceeded the jurisdictional amount, or whether his claim is solely for the purpose of attaining federal jurisdiction. It is clear that this inquiry is not foreclosed merely because the plaintiff bases a portion of his claim for damages upon an allegation of pain and suffering; the court must still determine the good faith of these allegations. See Turner v. Wilson Line of Massachusetts, 1 Cir., 1957, 242 F.2d 414, 419; Leehans v. American Employers Ins. Co., 5 Cir., 1959, 273 F.2d 72. The inquiry should be a careful one, in light of the clear Congressional policy, expressed at the time of the recent amendment raising the requisite jurisdictional amount requirements. It was the intention of Congress to remove from the federal courts claims insubstantial in character, which contributed to the mounting backlogs of these courts. See 1958 U.S.Code Congressional and Administrative News pp. 2594-95. If plaintiffs could avoid the jurisdictional amount requirements merely by alleging damages in excess of the jurisdictional amount, the purpose of this amendment would be largely negated.'