EMLAND BUILDERS, INC., a Corporation, M. B. Landau and Ed Landau, Appellants,

v.

Barney T. SHEA, Appellee.

No. 8176.

United States Court of Appeals Tenth Circuit.

May 2, 1966.

George Maier, Jr., Kansas City, Kan. (Lee E. Weeks, Leonard O. Thomas, J. D. Lysaught, Richard Millsap, Robert H. Bingham, Ervin G. Johnston, Miles C. Mustain, Kansas City, Kan., on the brief), for appellants.

Charles S. Fisher, Jr., Topeka, Kan. (O. B. Eidson, Philip H. Lewis, James W. Porter, William G. Haynes, Peter F. Caldwell, Roscoe E. Long, R. Austin Nothern, and Brock R. Snyder, Topeka, Kan., with him on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellee brought this diversity action for breach of contract in the United States District Court for the District of Kansas. He alleged that he had performed services in connection with the design of houses and the development of a housing project in accordance with a written contract.

Appellee alleged that the amount in controversy exceeded the sum of $10,-000.00. The jurisdictional amount was questioned at the outset by appellants. The trial court reserved its ruling, and subsequently held it had jurisdiction. The case was tried to a jury which returned a verdict for the appellee-plaintiff in the amount of $7,536.00. This appeal was taken as to the jurisdictional issue, and appellants here urge that the judgment be vacated and the complaint be dismissed for want of jurisdiction.

The complaint alleges that plaintiff is due under the contract a lump sum of $6,200.00. In addition, it alleges to be due $200.00 for each house built using his plans, and that plaintiff is informed that approximately twenty such houses have been built. Thus he alleges there is owing the sum of $10,200.00. He then makes this additional allegation: " * * * and further Plaintiff is entitled to an accounting from Defendants and each of them, as to the number of houses, or other houses they have constructed, using Plaintiffs design plan and for damages in the sum of $200.00 for each house so constructed."

The issue of federal jurisdiction was clearly raised by appellee's assertion in his complaint of the jurisdictional amount and appellants' denial thereof. The appellee, being the proponent of federal jurisdiction, had the burden of proving it. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed 1135; City of Lawton, Oklahoma v. Chapman, 257 F.2d 601 (10th Cir.); F & S Construction Co. v. Jensen, 337 F.2d 160 (10th Cir.).

It has been repeatedly held that a failure to recover the jurisdictional amount does not defeat jurisdiction, nor does such a failure necessarily show a lack of good faith in making the jurisdictional allegations. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); A. C. McKoy, Inc. v. Schonwald, 341 F.2d 737 (10th Cir.); Kimel v. Missouri State Life Ins. Co., 71 F.2d 921 (10th Cir.); Commercial Nat'l Bank of Los Angeles v. Catron, 50 F.2d 1023 (10th Cir.). The statute specifying the jurisdictional amount now contemplates such an eventuality in its provision for taxing of costs. 28 U.S.C.A. § 1331(b).

The jurisdictional statutes require a valuation of the matter in issue

by the reference to the amount "in controversy." This reference to the matter in controversy contemplates that plaintiff's assertions as to value be in good faith. It could only be in controversy if asserted by him in good faith, as jurisdiction cannot be conferred or established by colorable or feigned allegations solely for such purpose. If the amount becomes an issue, as in the case at bar, the trial court must make a determination of the facts.

 This initial determination of the facts and circumstances as they relate to good faith is made as of the time the jurisdictional allegations were made. Cyc.Fed.Proc. § 2.181. This must be so by reason of the very practical doctrine that jurisdiction cannot well await the outcome of the case. There are necessarily situations where it must so wait, but with good faith allegations of jurisdictional amount, it is generally considered that jurisdiction then attaches. It is also held that a change in circumstances after the suit is commenced will not necessarily result in a loss of jurisdiction. Aetna Cas. & Surety Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024. The trial court in the case at bar used the initial situation or conditions to make its evaluation.

 It is not necessary to discuss the plaintiff viewpoint theory for evaluating the matter in controversy. Dobie, 38 Harv.L.Rev. 733; 47 A.L.R.2d 651; Ronzio v. Denver & R. G. W. R. R., 116 F.2d 604 (10th Cir.). It is sufficient to say that the starting place in considering the issue before us is with the plaintiff's allegations. The Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, stated that unless the law gives a different rule, the sum claimed by the plaintiff controls if made in good faith. This starting point was not changed by Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890, which concerned a de novo action by an insurance carrier in a Texas workman's compensation award and the Court in such an action apparently took the entire

initial amount in dispute as a measure, ignoring the alignment of the parties in the action to set aside the award, and included instead the counterclaim in the evaluation or adopted some other test. 17 Rutgers L.Rev. 200. But in any event the Horton case does not alter the authority of St. Paul Mercury Indemnity Co. v. Red Cab Co., supra, in its application to the issues before us, as will be further considered hereinafter.

 Thus the trial court was correct in starting with the allegations in plaintiff's complaint, and in considering the circumstances then existing to decide the issue of good faith.

 The jurisdiction issue was so considered by the trial court at pretrial, during the course of the trial, and on a motion for a new trial. The parties cited to the trial court St. Paul Mercury Indemnity Co. v. Red Cab Co., supra, which they also both treat at some length in their briefs on appeal. This cited case concerned an action which had been removed and thereafter apparently the claim was reduced by stipulation. The Court there held that such a reduction by amendment or stipulation below the jurisdictional amount did not deprive the court of jurisdiction as removal could be defeated otherwise. The Court also noted that the petitioner was furnished information as to the details of plaintiff's claim some time after the complaint was filed. The opinion has been frequently cited and quoted from in cases such as the one before us. We will also quote from the opinion a portion which relates to the point so strongly urged here by the appellants to the effect that appellee never was entitled to recover the jurisdictional amount and consequently the action should have been dismissed. The Court as to this said:

"But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose

of conferring jurisdiction, the suit will be dismissed."

The Court sets forth the "legal certainty" guide and adds, with an "and," the consequence thereof—"the claim was therefore colorable for the purpose of conferring jurisdiction." Thus lack of good faith in making the jurisdictional allegations can exist when from the "proofs" a court is satisfied to a legal certainty that the plaintiff never was entitled to recover the jurisdictional amount. Lack of good faith can also exist under a variety of other circumstances as in F & S Construction Co. v. Jensen, 337 F.2d 160 (10th Cir.). This court also expressed the "certainty" rule in Wyoming Ry. v. Herrington, 163 F.2d 1004 (10th Cir.), and in A. C. McKoy, Inc. v. Schonwald, 341 F.2d 737 (10th Cir.).

■ The trial court here found that appellee made the allegations of the jurisdictional amount in good faith. This finding we consider to be supported and must be accepted. Thus we are left with the issue whether it was a "legal certainty" that appellee never was entitled to recover the jurisdictional amount, and "therefore" there was no good faith as a matter of law. The appellants argue that the facts developed show there was never a sufficient number of houses built using plans which would have entitled appellee to recover the jurisdictional amount; therefore the action should have been dismissed. However this is not the test. Such a point can be made in any case where an amount less than the jurisdictional amount has been recovered because it is based upon the outcome of the case.

The jury here found that the plaintiff was not entitled to recover more than $7,536.00. This was apparently eight houses multiplied by $200.00 plus lump sum of $6,200.00, less an amount paid. This is no different in principle than if the initial claim was in good faith for a lump sum for personal injuries or some other damage which could not be computed by finding one fact or figure and multiplying it by a set dollar sum as in the case at bar.

■ The plaintiff in his complaint, as above described, asserted he was entitled to be paid, under an agreement attached to his complaint, a lump sum plus two hundred dollars for each house built using specified house plans. He further alleged that about twenty such houses were built, and with the above lump sum a total of $10,200.00 was due. Plaintiff then continues, as above quoted, with the allegation that he was entitled to an accounting as to the number of houses, or other houses appellants have constructed using the plans and for damages of two hundred dollars for each such house. Thus appellee, as the trial court observed, was claiming damages for an unspecified amount above the jurisdictional requirement, and dependent upon the number of houses built. It could not be said that under the complaint evidence could not be introduced to justify a verdict of more than the jurisdictional amount. Bell v. Preferred Life Assur. Soc'y, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15. The record shows that the exterior appearance of the houses was similar, and that appellee did not have at the outset sufficient data available to determine the exact number of houses which were built using the plans in question. Discovery and the trial developed the number of houses to be used by the jury in the computation. Under these circumstances, the jurisdiction which initially attached on the good faith allegations did not fail by reason of the fact that the proof developed that a lesser number of houses had been built than appellee alleged, McDonald v. Patton, 240 F.2d 424 (4th Cir.), nor by reason of the fact that some of plaintiff's proof may have so shown, as appellants urge. Cyc.Fed.Proc. § 2.188.

The jurisdiction of the district court is supported by the complaint, and the issue whether or not appellants' counterclaim can be used to support the court's jurisdiction need not be reached.

Thus there was a showing of good faith in making the allegations and there was no legal certainty, as expressed in the St. Paul case, to provide an auto-

matic lack of good faith. Thus jurisdiction attached and was not defeated by a recovery of an amount less than the statutory sum.

Affirmed.