**Janie L. PAYTON, Individually, Leroy D. Payton, minor, by his next friend, Janie L. Payton, Joan W. Payton, minor, by her next friend, Janie L. Payton, Plaintiffs,**

v.

**Holland B. FREEZE, Jr., and J. O. Maxey, Defendants.**

Civ. A. No. 6017.

United States District Court
E. D. Virginia,
Richmond Division.

Jan. 16, 1969.

Robert M. Alexander, Arlington, Va., Frederick H. Evans, Washington, D. C., for plaintiffs.

Moncure & Cabell, Michael W. Moncure, III, Richmond, Va., for defendant Freeze.

May, Garrett, Miller & Newman, Buford M. Parsons, Jr., Richmond, Va., for defendant Maxey.

## MEMORANDUM OPINION

KELLAM, District Judge.

Plaintiffs filed their joint complaint in three counts to recover for injuries and damages alleged to have been sustained in a motor vehicle accident which occurred on November 26, 1967. Count one deals with the claim of Janie L. Payton, count two with the claim of Joan W. Payton, and count three with the claim of Leroy D. Payton. Each party seeks to recover $10,000.00. Defendants filed timely motions to dismiss for lack of jurisdictional amount. Subsequent to the filing of said motions, plaintiffs forwarded to the Clerk's Office an amended complaint merely increasing the amounts sued for in each count from $10,000.00 to $15,000.00. Hearing on the motions was set at Richmond, Virginia, for December 4, 1968. Counsel for plaintiffs were given notice, but failed to appear. Defendants moved the Court to permit them to file motions to dismiss the amended complaint, and such other pleadings as they might deem necessary. They were granted 10 days within which to file motions to dismiss, and 20 days within which to file additional pleadings. The Court withheld ruling on the original motions pending filing of the new motions and the "presentation of such proof as may be tendered by either party."

Motions to dismiss the original complaint and amended complaint on grounds of lack of jurisdictional amount were duly filed. In addition, defendants submitted the medical reports from the attending physician of plaintiffs, statements of loss of time and memorandum from plaintiff's counsel of the "itemization of damages" for each complainant.

Briefly stated, the damages claimed are:

### JANIE L. PAYTON

| | |
|---|---:|
| Doctor's Bills | $ 367.20 |
| Medicines and supplies | 12.07 |
| Transportation to and from Doctor | 124.00 |
| Loss of wages | 625.60 [1] |
| Auto repairs | 464.95 |
| Loss of use of auto | 30.00 |
| | $1,623.82 |

---

[1]. The statement from one employer shows she was absent from 11/27/67 to 12/8/67 —10 working days. Her annual salary was $6495.00 or $542.00 per month—she claims loss of wages of $249.60. At a second job she earned $1.40 per hour. She does not state hours lost, but says the income lost was $376.00.

The doctor reported tenderness of muscles in neck, shoulder and back regions. Her complaints were diagnosed as strain of the ligaments and muscles of the neck, shoulder and back areas, headaches and dizziness. She was treated with short wave diathermy. At discharge "the patient's condition had improved satisfactorily with no residual symptoms. The prognosis for complete recovery is good." It appears that the only treatment by the doctor was on the initial visit, and thereafter she received 31 diathermy treatments.

### JOAN W. PAYTON

| | |
|---|---:|
| Doctor's Bills | $239.90 |
| Medicines | 5.00 |
| Transportation to and from Doctor | 6.50 |
| | $251.40 |

The doctor's examination of Joan Payton as reported showed tenderness and muscle spasms of neck, shoulder region and rib region and over both hips and thighs. The diagnosis was strain of the muscles and ligaments of the neck, shoulder, back, rib, hip and thigh areas. Treatment was restricted activity and confinement from November 26 to December 1, 1967, analgesic tablets and muscle relaxant capsules, and 19 short wave diathermy treatments. Prognosis was "condition improved satisfactorily and she had no complaints on examination at the time of discharge. Her prognosis is good for complete recovery."

### LEROY PAYTON

| | |
|---|---:|
| Doctor's Bill | $202.45 [2] |

The doctor's examination of Leroy Payton revealed tenderness and muscle spasms of neck and shoulder regions. Diagnosis was strain of the muscles and ligaments of neck and shoulder region. Treatment was restricted activity, anal-

gesic and muscle relaxant capsules and diathermy treatment. Prognosis was "symptoms had improved by the time of his discharge on January 16, 1968, with no residual findings. His prognosis for complete recovery is good."

Plaintiffs did not submit any evidence or other proof on the motion, but chose to rely on the allegations in the complaint and amended complaint.

In Seslar v. Union Local 901, Inc., 186 F.2d 403, 407 (7th Cir. 1951), the Court said, "[T]he rule is firmly settled that the mere allegation of the jurisdictional amount when challenged as it was here is not sufficient and that the burden is upon the plaintiff to substantiate its allegations."

In the case at bar, when motions to dismiss the original complaint were filed and argued, the Court withheld ruling thereon to permit motions to be filed to the amended complaint, and pending "the presentation of such proof as may be tendered by either party." Defendants filed the medical reports and memoranda of special damages claimed by plaintiffs. Plaintiffs have offered nothing in addition to the sums asserted in the complaint. Here the Court has "entered upon an inquiry to ascertain whether the cause [was] [is] one over which it had jurisdiction." Kvos v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 200, 81 L.Ed. 183. In Kvos the Court said [299 U.S. 277–278, 57 S.Ct. 200–201], "where the allegations as to the jurisdictional amount in controversy are challenged by the defendant in an appropriate manner, the plaintiff must support them by competent proof. The petitioner's motion was an appropriate method of challenging the jurisdictional allegations of the complaint." The Court said in Kvos the motion did not operate as a demurrer and "did not assume the truth of the bill's averments

---

2. The doctor's bills for Leroy and Joan include $160.00 and $190.00, respectively, for diathermy, and $10.00 each for writing the report, as well as $7.45 and $14.90, respectively, for medicines. The bill for examination and evaluation is $25.00 in each case.

**14**

* * * on the contrary the motion traversed the truth of the allegations as to amount in controversy." In making inquiry as to the jurisdictional amount the "complainant had [has] the burden of proof" [299 U.S. 269, 278, 57 S.Ct. 197,] and "[S]ince the allegation as to amount in controversy was challenged in appropriate manner, and no sufficient evidence was offered in support thereof, the bill should have been dismissed." [299 U.S. 269, 280, 57 S.Ct. 197, 201].

In McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, the Court said:

They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. We think that only in this way may the practice of the District Courts be harmonized with the true intent of the statute which clothes them with adequate authority and imposes upon them a correlative duty.

Here, the allegation in the bill of complaint as to jurisdictional amount was traversed by the answer. The court made no adequate finding upon that issue of fact, and the record contains no evidence to support the allegation of the bill. There was thus no showing that the District Court had jurisdiction and the bill should have been dismissed upon that ground.

In addition to the above, the following cases stand for the principle that when a motion to dismiss a diversity action for lack of jurisdictional amount is filed it "casts the burden on the plaintiff to sustain the Court's jurisdiction by competent proof." Bishop Clarkson Memorial Hospital v. Reserve Life Ins. Co., 350 F.2d 1006, 1007 (8th Cir. 1965); Emland Builders, Inc. v. Shea, 359 F.2d 927, 928 (10th Cir. 1966); F & S Construction Co. v. Jensen, 337 F.2d 160 (10th Cir. 1964); Jones v. Landry, 387 F.2d 102, 103 (5th Cir. 1967); Jaconski v. Avisun Corporation, et al., 359 F.2d 931, 934 (3rd Cir. 1966). In Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951, the Court held that the "policy of the statute conferring diversity jurisdiction upon the district courts calls for its strict construction"— and where plaintiff's "allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof."

■ Here, it is apparent that the jurisdictional amount has been properly challenged. Federal Rules of Civil Procedure, Rule 12(b). Gibbs v. Buck, 307 U.S. 66, 71, 59 S.Ct. 725, 83 L.Ed. 1111. Since no proof was submitted by the plaintiffs, the motion should be granted.

■ Statutes conferring jurisdiction on Federal Courts are to be strictly construed, and doubts are to be resolved against federal jurisdiction. F & S Construction Company v. Jensen, supra; Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248.

Aside from applying the above principle, it could hardly be contended that the amount set forth in the amended complaint was claimed in good faith. The original complaint asserted damages at $10,000.00. When the issue was raised, the only charge of any consequence in the amended complaint was to assert damages at $15,000.00.[3] It could hardly be contended that the injuries set forth in the original complaint of October 17, 1968, which were asserted to entitle plaintiffs to $10,000.00 had increased in value to $15,000.00, when the amended complaint was filed November 22, 1968. In the cases of Joan and Leroy, there was no loss of earnings. Janie was out of work at one position from November 27, 1967, to December 8, 1967, and while the length of the period of absence from a supposed second employment position is not shown by the employer's statement, she claims 260 hours loss of time there. The doctor's reports show that the prognosis for complete recovery in each case is good; that the condition of the patients had improved when discharged from treatment in January, 1968, "with no residual symptoms." There were no broken bones, only strain of the ligaments and muscles.

Of the special damages claimed by Janie, $494.95 represents claim for damage to automobile. Actually, other than for diathermy treatment, the only sum due the doctor in each case for treatment is $25.00, which was for "examination and evaluation."

■■ The fact that the claim is unliquidated does not prevent a finding that the plaintiff could not recover $10,000.00, Cumberland v. Household Research Corp. of America, D.C., 145 F. Supp. 782; nor must the jurisdictional amount as alleged by the plaintiff be accepted as true where the plaintiff also alleges pain and suffering. Leehans v. American Employers Insurance Company, Inc., 273 F.2d 72 (5th Cir. 1959); Thomas v. Travelers Insurance Co., D.C., 258 F.Supp. 873.

■■ Where it is established, as a matter of law, before trial or during inquiry at any pretrial stage, that the Court lacks jurisdiction because the plaintiff is not entitled to recover an amount equal to the jurisdictional requirement, the Court should dismiss the cause. F & S Construction Company v. Jensen, 337 F.2d 160 (10th Cir. 1964); Gauldin v. Virginia Winn-Dixie, Inc., 370 F.2d 167 (4th Cir. 1966); St. Paul

3. The problem of the trial courts when the jurisdiction is challenged for insufficiency of amount in controversy is well expressed by Judge Kaufman in Brown v. Bodak, D.C.S.D.N.Y., 188 F.Supp. 532, 533–534, where it is said:

"The question is, then, whether the plaintiff is legitimately and honestly claiming that the amount of his damages exceeded the jurisdictional amount, or whether his claim is solely for the purpose of attaining federal jurisdiction. It is clear that this inquiry is not foreclosed merely because the plaintiff bases a portion of his claim for damages upon an allegation of pain and suffering; the court must still determine the good faith of these allegations. See Turner v. Wilson Line of Massachusetts, 1 Cir., 1957, 242

F.2d 414, 419; Leehans v. American Employers Ins. Co., 5 Cir., 1959, 273 F.2d 72. The inquiry should be a careful one, in light of the clear Congressional policy, expressed at the time of the recent amendment raising the requisite jurisdictional amount requirements. It was the intention of Congress to remove from the federal courts claims insubstantial in character, which contributed to the mounting backlogs of these courts. See 1958 U.S. Code Congressional and Administrative News pp. 2594–95. If plaintiffs could avoid the jurisdictional amount requirements merely by alleging damages in excess of the jurisdictional amount, the purpose of this amendment would be largely negated."

Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. If from the pleadings or proof the Court is satisfied to a legal certainty plaintiff is not entitled to recover the jurisdictional amount and the claim is colorable for the purpose of conferring jurisdiction, the suit should be dismissed. St. Paul Mercury Indemnity Company v. Red Cab Company, supra.

In the footnote to Gauldin v. Virginia Winn-Dixie, Inc., supra, the Court said:

> Although no question was raised below or here as to jurisdiction we entertain grave doubt as to federal jurisdiction in this diversity action. Our doubt is not based upon the fact that plaintiff was awarded damages of only $1,200 while suing for $15,000. The test for determining jurisdiction based upon the amount involved is primarily one of good faith. However, before dismissal of an action it must appear to a legal certainty that the plaintiff cannot recover the amount claimed. The mere fact that a lower amount is awarded does not establish bad faith. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); Bell v. Preferred Life Assur. Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); McDonald v. Patton, 240 F.2d 424 (4 Cir. 1957). Here, plaintiff's medical and hospital expenses and his loss of earnings amounted only to approximately $500.00 although admittedly there was the additional claim of damages for present and future pain and suffering. Following a short period, according to the evidence, plaintiff had returned to his former job and was no longer under a doctor's care. Our attention is drawn to this situation because of the ever-increasing case load and congested condition of the dockets of both the District Courts and the Courts of Appeals. Congress acted to raise the federal jurisdictional amount from $3,000 to $10,000, undoubtedly intending to relieve the federal courts of litigation of relatively minor importance. In cases where the plaintiff's actual damages are small and his injury clearly appears slight, the District Court should carefully scrutinize the special damages and the offers of proof. A vigorous, aggressive and intelligent inquiry at the pretrial stage and the dismissal because of the lack of jurisdiction where warranted will, it is hoped, have the salutary effect of discouraging the institution of actions in the federal courts where it is clearly apparent that the plaintiff has arbitrarily and without justification alleged damages equal to or in excess of the statutory amount so that he may invoke the jurisdiction of a federal court.

■ See also Nixon v. Loyal Order of Moose Lodge No. 750, 285 F.2d 250 (4th Cir. 1960); McDonald v. Patton, 240 F.2d 424 (4th Cir. 1957); Horton v. Liberty Mutual Ins. Company, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890;[4] Alker v. Insurance Company of North America, 279 F.Supp. 902 (E.D.La.1968). In the last cited case the Court said that where it is clear the claim is not in good faith but is merely colorable, "jurisdiction should be declined even in personal injury cases." Citing Arnold v. Troccoli, 344 F.2d 824 (2d Cir. 1965). The method of determining whether the required amount in controversy is involved, is for the trial court. Gibbs v. Buck, supra; Alker v. Insurance Company of North America, supra.

With the injuries report in this case, it would be hard to conceive of a jury returning anything like $10,000.00 for the combined injuries of all plaintiffs, much less for each of them, and even

---

4. There, the Court said there was no "denial of [the] allegations" in the complaint.

more difficult to think of the Court permitting any such verdict to stand.

Following the command of the footnote in Gauldin v. Virginia Winn-Dixie, Inc., supra, the cases are dismissed for lack of jurisdictional amount involved, but without prejudice to the rights of plaintiffs to institute them in an appropriate state court; the Court being of the opinion they are not instituted in good faith, and that the evidence presented, to a legal certainty, would not sustain or permit a recovery of $10,000.00 for each plaintiff.