329 F.Supp. 1283 (1971)
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY
v.
CAMPBELL LUMBER MANUFACTURING CORPORATION.
Civ. A. No. 13850.
United States District Court, N. D. Georgia, Atlanta Division.
August 12, 1971.
Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for plaintiff.
Campbell & Campbell, Covington, Ga., for defendant.

*1284 ORDER
RICHARD C. FREEMAN, District Judge.
This is an action in one count for the alleged unpaid and due balance on insurance contracts.[1] Jurisdiction is alleged on the basis of diversity of citizenship. 28 U.S.C. § 1332(a). The case has been submitted to the court on plaintiff's motion for summary judgment, defendant's motion to dismiss and defendant's motion for summary judgment.
As the granting of the motion to dismiss would obviate the need to rule on the remaining pending motions, the court will first consider defendant's motion for dismissal on the ground that the court does not have jurisdiction of the subject matter.
The federal district courts are, of course, courts of limited jurisdiction. In cases brought in federal court because of diversity of citizenship, 28 U.S.C. § 1332(a) provides that the matter in controversy must exceed the sum of TEN THOUSAND DOLLARS ($10,000.00), exclusive of interests and costs. If the matter in controversy does not exceed that amount, this court has no jurisdiction over the subject matter of this action.
In the complaint plaintiff alleged that defendant owed plaintiff ELEVEN THOUSAND FIVE HUNDRED NINETY & 07/100 ($11,590.07), the unpaid balance on two insurance policies. However, plaintiff now states that as a result of discovery it has learned that the maximum amount in controversy is EIGHT THOUSAND NINE HUNDRED SIXTY & 74/100 ($8,960.74), or ONE THOUSAND THIRTY NINE & 26/100 ($1,039.26) less than the requisite jurisdictional amount.
The question posed for the court, then, is as follows: If a claim is brought which asserts that the amount in controversy exceeds the jurisdictional minimum but plaintiff subsequently learns, as a result of discovery, that the maximum amount in controversy is less than the statutory jurisdictional minimum, should the district court grant a motion to dismiss for lack of subject matter jurisdiction?
The leading case in this area is St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), in which the Supreme Court set down the general rules applicable here:
The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the *1285 suit will be dismissed. At 288-289, 58 S.Ct. at 590.
In most cases, then, when the plaintiff asserts that the claim is for more than TEN THOUSAND DOLLARS ($10,000.00), the question of subject matter jurisdiction is not seriously considered. Courts are reluctant to look into the merits of a case before trial in order to ascertain whether or not the plaintiff does, in fact, have an arguable claim in excess of the jurisdictional amount. Especially when damages are unliquidated and therefore uncertain, all that is generally required to obtain federal jurisdiction is that the plaintiff assert the claim in good faith. Jones v. Landry, 387 F.2d 102 (5th Cir. 1967).
While the defendant has made some suggestion in his proposed findings of fact that the claim was not made in good faith but was inflated merely for the purpose of acquiring federal jurisdiction, the court finds ample substantiation for plaintiff's assertion of subjective good faith. The amount claimed was arrived at by the use of an estimation formula for computing premiums due whenever certain records are not available. The affidavit of plaintiff's auditor explains that the calculation was based on the contract price between defendant and its subcontractors. The use of a standard company procedure indicates that the estimate of the amount claimed was not inflated merely to obtain federal jurisdiction.
However, as was held by the Fifth Circuit in Jones v. Landry, 387 F. 2d 102 (5th Cir. 1967), plaintiff's subjective good faith is not controlling; the appropriate legal test of plaintiff's good faith is not his subjective state of mind but a very strict objective standard. A showing that, as a legal certainty, plaintiff cannot recover the jurisdictional amount is evidence that the claim does not meet the standard of objective good faith. With an objective reading of the "good faith" requirement of St. Paul, the good faith test and the legal certainty test then become equivalent. Jones v. Landry, supra.
While in the majority of cases the amount recoverable is not ascertainable except after a trial on the merits, there are some actions in which it is clear even before trial that the maximum recovery could not rise to the jurisdictional minimum. Leehans v. American Employers Insurance Co., Inc., 273 F.2d 72 (5th Cir. 1959). In such cases it must appear to a legal certainty that the plaintiff cannot recover the jurisdictional amount before the court is justified in granting a motion to dismiss. Matthiesen v. Northwestern Mutual Insurance Co., 286 F.2d 775 (5th Cir. 1961). As plaintiff in the instant case concedes that his claim is for substantially less than the jurisdictional amount, it is a legal certainty that the amount in controversy does not exceed TEN THOUSAND DOLLARS ($10,000.00).
Plaintiff argues, however, that even though it may be found as a legal certainty at this point in time that plaintiff cannot recover the jurisdictional amount, the court could not have so found at the time of the instigation of suit. However, the failure to meet the jurisdictional amount need not be apparent from the fact of the pleadings. The manner in which the determination should be made is in the discretion of the trial court. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). In practice, courts have employed depositions and affidavits to assist in the determination of subject matter jurisdiction. Leehans v. American Employers Insurance Co., Inc., 273 F.2d 72 (5th Cir. 1959); Wade v. Rogala, 270 F.2d 280 (3rd Cir. 1959); Sansone v. Ocean Accident and Guarantee Corp., Ltd., 228 F.Supp. 554 (E.D.La.1964). While the fact that the plaintiff's claim was less than TEN THOUSAND DOLLARS ($10,000.00) was not known by either party at the time this suit was filed, that objective fact was ascertainable at that time.
Plaintiff's basic contention is that the discovery, subsequent to the filing of the suit, that the claim is for less than the jurisdictional amount, *1286 should not divest the court of jurisdiction. In St. Paul the court held that events occurring subsequent to the instigation of the suit which reduce the amount recoverable do not oust the district court's jurisdiction. Plaintiff's reliance on this statement is not entirely appropriate. In St. Paul the Supreme Court was referring to events which actually change the amount which is recoverable. In the instant case the maximum amount recoverable on plaintiff's theory has never varied; rather, because of a faulty estimation of the claim, plaintiff erroneously thought this action satisfied the requirements for federal jurisdiction. Its subsequent realization that the amount in controversy was less than the original estimate is not an event which actually changed the amount in controversy, as would be a stipulation or an occurrence such as a death which operates to reduce the amount of tort damages. St. Paul Mercury Indemnity Co., supra; Wade v. Rogala, 270 F.2d 280 (3rd Cir. 1959). Plaintiff was, in fact, never entitled to bring this action in federal court; an earlier error on the part of plaintiff cannot operate to give the federal court jurisdiction not authorized by statute.
In light of the above, plaintiff's reliance on Loew's Inc. v. Royal, 254 F. Supp. 88 (S.D.Miss.1966) is not convincing. While that case is factually similar, it appears that the court there declined to dismiss because of the prejudice which otherwise would have been caused plaintiff by defendant's refusal to obey court orders to produce the documents essential to the determination of the amount in controversy.
In conclusion, this court holds that where plaintiff mistakenly overestimated the amount in controversy and later, through discovery, found and conceded that the maximum claim was less than the jurisdictional minimum, the requirements for federal jurisdiction over the subject matter were not met. Defendant's motion to dismiss is accordingly granted, all other motions being moot.
NOTES
[1] Plaintiff, an insurance company, contracted with defendant lumber company to insure defendant on workmen's compensation and employers' liability policies for the years 1968-69 and 1969-70. The disputed amount is claimed by plaintiff to be due as insurance premiums for the employees of plaintiff's subcontractors, for whom, according to plaintiff, defendant is responsible for workmen's compensation, unless such subcontractors furnish evidence of insurance coverage of their compensation obligations. Defendant's basic position is that the insurance contracts did not provide for, and were not intended to provide for, coverage of employees of defendant's subcontractors, and that defendant therefore does not owe plaintiff for the claimed premiums.