**PANAMA TRANSPORT COMPANY et al., Defendants, Appellants,**

v.

**Nathan GREENBERG, Plaintiff, Appellee.**

**No. 5770.**

United States Court of Appeals
First Circuit.

May 5, 1961.

Walter X. Connor, New York City, Joseph F. Dolan, Boston, Mass., James P. O'Neill, and Kirlin, Campbell & Keating, New York City, on the brief, for appellants.

Daniel J. Hourihan, Boston, Mass., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

A Spanish seaman and member of the crew of the S.S. Esso Rochester was injured on board his vessel on December 6, 1958, while it lay in the harbor of Portland, Maine. On December 9, 1958, a member of the bar employed by the plaintiff-appellee, who is a member, *inter alia*, of the Maine and Massachusetts bars practicing in Boston, visited the seaman in a Portland hospital and obtained the seaman's signature to a retainer in the following language:

"I hereby retain Nathan Greenberg, attorney-at-law, of Boston, Massachusetts and New York, New York, to represent me respecting my claim against the S.S. Esso Rochester its owners and operators, and to collect damages on my behalf. For such services rendered, I agree to pay my said attorney a fee not to exceed services rendered. I agree to pay my said attorney a fee not to exceed one-third of any amount collected by way of court verdict or settlement.

"Dated this 9th day of December, 1958."

Subsequently the seaman was visited by representatives of the defendants, one of them the owner of the vessel and the other its husbanding agent, and eventually on February 10, 1959, the seaman wrote the plaintiff a letter discharging him as counsel on the ground that his services were no longer required.

The plaintiff-appellee then brought this action on the law side of the court below under its diversity jurisdiction for wrongful interference by the defendant-appellants with his advantageous contractual relationship with the seaman. After trial without a jury the court gave judgment for the plaintiff and the defendants appealed.

The appeal suggests a number of interesting questions but we do not reach them for lack of jurisdiction.

The allegations of the complaint with respect to the diversity of the citizenship of the parties and the amount in controversy between them are adequate to show federal jurisdiction. But the plaintiff testified categorically that, in his opinion based on his experience as a specialist in suits in admiralty for personal injuries, the seaman's "case was worth about $25,000." Thus on the plaintiff's own testimony the gross fee he could possibly receive under his retainer would be one third of that amount or $8,333.33, and, of course, his profit from the business would be substantially less.[1]

Out of his own mouth the plaintiff satisfies us to a legal certainty that he did not have a claim for the amount necessary to confer federal jurisdiction and either knew or reasonably ought to have known that fact. On the authority of Williams v. Nottawa, 1881, 104 U.S. 209, 26 L.Ed. 719; McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845: [2]

Judgment will be entered vacating the judgment of the District Court and remanding the case to that court with direction to dismiss the complaint for lack of jurisdiction.

---

1. The District Court found that actually the seaman's case was worth $15,000 and that the plaintiff's damages for the loss of his retainer amounted to $2,845.

2. See also the "Historical and Revision Notes" to § 1359, 28 U.S.C.A.