**Dr. Gabriel JIMENEZ PUIG,
Plaintiff, Appellee,**

v.

**AVIS RENT–A–CAR SYSTEM,
Defendant, Appellant.**

**No. 77–1491.**

United States Court of Appeals,
First Circuit.

Argued Feb. 15, 1978.
Decided April 24, 1978.

Rafael Perez-Bachs, San Juan, P. R., with whom McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P. R., was on brief, for defendant, appellant.

Jorge Luis Ortiz Viera, Hato Rey, P. R., with whom Ciro A. Betancourt and Pernas, Betancourt & De La Torre, Santurce, P. R., were on brief, for plaintiff, appellee.

Before CAMPBELL, BOWNES and MOORE, ** Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

The plaintiff, Dr. Gabriel Jimenez Puig, a citizen of Puerto Rico, brought the present action under the diversity jurisdiction of the district court against Avis Rent-A-Car System (Avis). His complaint alleged that in October 1975 he flew to Dulles Airport in Virginia. At Dulles he went to the Avis counter to arrange for the rental of a car he had reserved:

> "Upon arrival . . . Plaintiff presented his [credit] card at the Avis counter and much to his surprise, the clerk attending the counter at Dulles Airport, instead of delivering a motor vehicle to Plaintiff, took his credit card and in front of the counter at that time, tore the card and informed him that his credit was cancelled, because he did not pay his bills.
>
> . . . .
>
> "[D]efendant kept on harassing and requesting payment from Plaintiff after October 1975, to the extent that on December his account was sent to Dunn & Bradstereet Inc. [sic], which is a Nationwide Collection Agency. . . ."

Plaintiff alleged that his account was in fact fully paid up and that he suffered mental anguish because of the false accusations at Dulles which were made in the presence of various persons including acquaintances. He also claimed to have suffered mental anguish as a result of his account having been turned over wrongfully to a collection agency. Plaintiff also alleged, without elaboration, that "his credit has been damaged" as a result of these incidents and asked for $15,000 in damages.

Avis failed to answer the complaint and was defaulted on the issue of liability. Some months later, Avis appeared and contested the issues of subject matter jurisdiction and sufficiency of service of process. After a trial to the court limited to the issue of damages, the court awarded plaintiff $2,500. Avis' appeal challenges the award as excessive. It also claims that the district court lacked subject matter jurisdiction in that plaintiff failed to plead the second prong of Avis' citizenship, its state of incorporation. Avis also renews its claim that the district court never obtained personal jurisdiction of it due to defective service of process. We do not reach these issues [1] inasmuch as we conclude that there

---

** Of the Second Circuit, sitting by designation.

1. It is not seriously argued that defendant Avis Rent-A-Car System is incorporated in Puerto Rico. Plaintiff's failure to plead the place of incorporation would therefore appear to require at most a remand for amendment of the complaint. *See Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423, 426 (9th Cir. 1973); *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952); 28 U.S.C. § 1653. The claim that plaintiff's service of process was defective in that service was not made upon an authorized agent of Avis Rent-A-Car System is more substantial.

was never $10,000 in controversy and that the district court for that reason lacked diversity jurisdiction. *See Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971), *cert. denied*, 405 U.S. 926, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972); *Kern v. Standard Oil Co.*, 228 F.2d 699, 701 (8th Cir. 1956); *Walmac Co. v. Isaacs*, 280 F.2d 108, 111 (1st Cir. 1955).

In *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), the Court set out what remain the controlling principles guiding a determination of whether or not an action meets the jurisdictional amount:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. . . But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or *if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.*" [Emphasis supplied.]

Whether on the face of this complaint the facts pleaded could ever be construed to support a finding of $10,000 or more in damages is debatable. Plaintiff pleaded no malice or other extenuating circumstances

which might entitle him to punitive damages.[2] *Cf. James v. Lusby*, 162 U.S.App. D.C. 352, 357, 499 F.2d 488, 493 (1974). His assertions of mental anguish and damage to his credit rating are conclusory at best. However, we need not decide this question for the "proofs" adduced at trial conclusively show that plaintiff never had a claim even arguably within the $10,000 range. *See Saint Paul Mercury Indemnity Co., supra; Williams v. Township of Nottawa*, 104 U.S. (14 Otto) 209, 211, 26 L.Ed. 719 (U.S. 1881); *Randall v. Goldmark*, 495 F.2d 356, 360–61 (1st Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 144, 42 L.Ed.2d 119 (1974); *James v. Lusby, supra; Panama Transport Co. v. Greenberg*, 290 F.2d 125, 126 (1st Cir.), *cert. denied*, 368 U.S. 891, 82 S.Ct. 143, 7 L.Ed.2d 88 (1961). *Compare Emland Builders, Inc. v. Shea*, 359 F.2d 927, 930 (10th Cir. 1966); *Seth v. British Overseas Airways Corp.*, 329 F.2d 302, 305–06 (1st Cir.), *cert. denied*, 379 U.S. 858, 85 S.Ct. 114, 13 L.Ed.2d 61 (1964).

Plaintiff's testimony and the exhibits introduced at trial establish that Dr. Jimenez was wrongly told by Avis' employee at the counter at Dulles Airport that his credit was bad and that his card would have to be confiscated. The employee thereupon ripped the card in two in the presence of Dr. Jimenez, several of his fellow dentists from Puerto Rico and strangers. The Avis employee then required Dr. Jimenez to produce other credit cards before she would rent him a car. She checked the validity of his other credit cards carefully, a process which plaintiff testified took two hours. During this time he testified that he felt humiliated, embarrassed and angry. He stated that he felt angry for three days thereafter.

We were told by appellant's attorney at argument that service was in fact made upon an employee of Avis' separate Puerto Rico corporation rather than upon an agent of defendant. However, appellant's affidavit filed below, to which we must look, fails to identify the employer of the person served and fails to relate a number of facts which it would be important to know in passing upon the claim. It is thus a closer question than perhaps it should be whether the affidavit of the manager of "Avis

Rent A Car de Puerto Rico, Inc." was sufficient to overcome the sworn statement of the process server that he had served an authorized representative of "Avis Rent-A-Car System." *See* Fed.R.Evid. 602.

2. Under Virginia law, which applies here, defendant's malice or other aggravating circumstances must be present to justify an award of punitive damages. *See* text *infra*.

Apart from this evidence there is almost a complete lack of proof showing that Avis' wrongdoing caused anything more than momentary embarrassment and humiliation. A single dunning letter from Avis' collection agency, dated December 1975, was introduced. It politely requested payment of the apparently overdue account. No evidence established that plaintiff was harassed by the collection agency or Avis or that his credit rating was in any way adversely affected by Avis' mistake.

■ A federal court sitting in diversity must apply the choice of law rules of the forum state. *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Puerto Rico applies the law of the place of the tort, the *lex loci delicti. DeVane v. United States,* 259 F.Supp. 18, 20 (D.P.R.1966). Virginia law therefore applies in this case.

■ In a case of ordinary slander such as that involved in the present case, Virginia law provides for the award of both punitive and actual damages. However, punitive damages are not to be awarded absent a showing of malice by the defendant or some form of egregious misconduct. *See Stubbs v. Cowden,* 179 Va. 190, 200, 18 S.E.2d 275, 280 (1942); *Weatherford v. Birchett,* 158 Va. 741, 747, 164 S.E. 535, 537 (1932). Neither the pleadings nor the proof in this case establish that Avis was guilty of malice or other serious misconduct. *Hanna v. Drobnick,* 514 F.2d 393, 398–99 (6th Cir. 1975); *Zahn v. International Paper Co.,* 469 F.2d 1033 (2d Cir. 1972), *aff'd,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Plaintiff is therefore limited to recovery of actual damages.

■ In assessing actual damages, there is "no rule fixing the quantum of compensation" but "damages awarded should bear some reasonable proportion to the real damages sustained." *Stubbs v. Cowden, supra.* The elements which the factfinder may consider are:

"Injury to feelings, mental suffering, injury to character and reputation, and similar injuries, incapable of definite money valuation; the nature of the imputation, including the time, manner and language in which the charge was made, and the character, condition and influence of the parties."

*Snyder v. Fatherly,* 158 Va. 335, 351, 163 S.E. 358, 364 (1932). *See also Weatherford v. Birchett, supra; Stubbs v. Cowden, supra.*

■ The evidence in this case, viewed most favorable to plaintiff, established that he suffered brief embarrassment at the Avis counter and some residual anger at the way in which he had been treated. The defamation involved was not serious and there is no evidence that it spread beyond those at the counter or that it had any adverse effect on plaintiff's professional or credit standing. Even the $2500 which the court below awarded seems to us excessive. In these circumstances, the proofs can be said to establish to a legal certainty that, from the outset, plaintiff had no valid hope of recovering $10,000 or more and that the amount pleaded has to be viewed as colorable, for the purpose of conferring jurisdiction. This is not to say that plaintiff acted in deliberate bad faith. Plaintiff may have felt that the insult fully warranted the $15,000 claimed. The question, however, is whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth $10,000. The answer seems clearly in the negative.

*Vacated and remanded with instructions to dismiss the complaint.*