**Eduardo Maldonado SIERRA, Carmen Davila, and their Conjugal Partnership, Plaintiffs,**

v.

**Maurice LIDCHI and Guido Biazzi, the Conjugal Partnership between Maurice Lidchi and Ann Cecilia Lidchi, the Conjugal Partnership between Guido Biazzi and Jane Doe, Consolidated Resource Management, S.A., and Crawford Holding, S.A., Defendants.**

Civ. No. 86–0673 (JAF).

United States District Court,
D. Puerto Rico.

Dec. 31, 1986.

Vicente J. Zayas Plaza, Moreda, Moreda & Arrillaga, San Juan, P.R., for plaintiffs.

Harry A. Ezratty, Philip E. Roberts, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This case came before us for a second pretrial conference on December 22, 1986. An earlier conference set for December 9 could not be held. On said occasion, both parties announced that in all possibility, reciprocal voluntary dismissals on both the complaint and the counterclaim would be entered. Docket document No. 24 and order appearing therein.

Settlement on the counterclaim did not materialize. The case was called for pretrial once again, December 22, 1986. Plaintiffs entered their voluntary dismissal with the consent of defendants. Fed.R.Civ.P. 41, Proposed Pretrial Order at p. 2. The pretrial conference geared on the counterclaim. We now dismiss for lack of jurisdictional amount, 28 U.S.C. sec. 1332.

An examination of the counterclaim, incorporated as part of the answer, docket document No. 4, pleads as follows:

4. That within the year 1985 and 1986 co-plaintiff Eduardo published a false and defamatory statement about co-defendant Lidchi, to with [sic]: he called him a thief.

5. That the aforestated [sic] statement has caused great damage to co-defendant Lidchi.

In turn, the proposed pretrial order, filed in chambers December 22, 1986, refers to co-defendant Lidchi's factual version as follows:

Co-plaintiff Eduardo Maldonado Sierra called co-defendant Maurice Lidchi a thief; this was done to two third parties.

Nothing else is stated by Lidchi by way of version, claim for damages or any other claim related thereto. Furthermore, Lidchi's responses to plaintiffs' interrogatories, dated November 4, 1986, expand on the factual version. There, it is stated that:

5. It was told to me by the persons who heard it from Dr. Maldonado.

6. The words were to the effect that Maurice Lidchi was a thief; the word thief was used.

7. The exact date is not known but the words were stated within one year from August 11, 1986.

8. There was no written publication; the words were said orally.

.   .   .   .   .

10. The subject was that Maurice Lidchi was a thief.

Referring to the parties who heard the defamatory statement, the response to interrogatories states as follows:

12. The first two live in Vevey, Switzerland; the third lives in Monaco. I do not have their residential address[es]; it is believed that you know their residential address(es).

On the subject of damages, the only item found seems to be response number 13, to the interrogatories:

13. I have suffered extreme mental anguish, have been jailed; the damages are to be set by the jury because your words are libel *per se*.

██ Based on the above, and considering 28 U.S.C. sec. 1332, in light of article 1802 of the Civil Code, 31 L.P.R.A. sec. 5141, we fail to find that the $10,000 jurisdictional amount is either well pleaded or present. Here, as in *Jiménez Puig v. Avis Rent-A-Car System*, 574 F.2d 37, 40 (1st Cir.1978),

the pleadings, i.e., the counterclaim, viewed most favorable to defendant-counterclaimant, show that the defamation, as alleged, was not serious. There is no allegation that it spread beyond the two or three persons who allegedly heard the same or that it had a definite adverse effect on defendants' professional or commercial standing. The allegations before the court do not read in terms of bad faith. If the case were to be submitted to a trier on the basis of the allegations, reasonable judges could not grant $10,000 as an award. Simply put, the allegations are defective in that sense.

Finally, we cannot accept defendants' invitation made during the pretrial conference for us to defer a ruling on this matter until they interview and depose the Swiss characters that heard Dr. Maldonado refer to defendant Lidchi as being a thief. Our scheduling order entered August 12, 1986, docket document No. 5, stated to the parties and counsel that we believe in the philosophy and interplay of Fed.R.Civ.P. 7, 11, and 16, as amended in 1983. We required that all filings be made as if they contained a certificate or warranty as to quality and content. The filings, including the counterclaim and pretrial order, had to be done to the best of the lawyers' knowledge, information, and belief, formed after reasonable inquiry. We do not doubt lawyers' good faith, but the counterclaim obviously was not prepared after reasonable inquiry. The same fails to pass the test of the warranty as to quality and content.

Judgment will be entered dismissing the counterclaim for failure to plead the jurisdictional amount required by 28 U.S.C. sec. 1332. Jurisdiction is lacking. The counterclaim, seen in the light most favorable to counterclaimants, fails to show that reasonable judges may grant anything close to $10,000 on the mere hearsay allegation that Dr. Maldonado called Mr. Lidchi a thief. The dismissal will be without prejudice of the claim being filed before a court of general jurisdiction.

IT IS SO ORDERED.