**McCAIN FOODS LTD., Plaintiff,**

v.

**PUERTO RICO SUPPLIES,
INC., Defendant.**

**No. Civ. 90–1113CCC.**

United States District Court,
D. Puerto Rico.

June 13, 1991.

Jorge I. Peirats, O'Neill & Borges, Hato Rey, P.R., for plaintiff.

Jaime Sifre–Rodríguez, Sánchez–Betances & Sifre, San Juan, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This matter is now before us upon plaintiff, McCain Foods Ltd.'s (McCain), Motion to Compel Arbitration dated January 15, 1991. Defendant, Puerto Rico Supplies, Inc. (PRS) opposed McCain's motion on March 21, 1991. After careful review of the entire record, we grant plaintiff's Motion.

We find that the pertinent facts are as follows. The parties entered into a Distribution Agreement (the Agreement) in May 1989. On January 26, 1991 McCain gave PRS a notice of termination as its distributor based on PRS' alleged violations of the Agreement. Simultaneous with this action, McCain commenced arbitration proceedings before the London Court of International Arbitration pursuant to paragraph 22 of the Agreement. Defendant was notified of the commencement of the arbitration proceedings, but failed to appear. Paragraph 22 of the Agreement provides in pertinent part:

*Any dispute, difference, controversy or claim of any kind whatsoever which arises or occurs between the parties in relation to any thing or matter arising out of or in connection with this Agreement, or the breach, termination or invalidity thereof, shall be settled by arbitration in accordance with the laws of Ontario, Statutes of Ontario, 1988, C. 30. The procedure to be followed by the Arbitral Tribunal in conducting any arbitration shall be in accordance with the* Rules of the London Court of International Arbitration as at present in force, as hereunder supplemented and modified.

*(a) the arbitral shall consist of a sole arbitrator;*

*(b) the place of arbitration shall be Toronto, Ontario, and the law governing the conduct of the arbitration shall be the law of Ontario;*

*(c) ...;*

*(d) ...;*

*(e) ...;*

*The parties hereby agree that any dispute relating to or arising out of the arbitration, including but not limited to the jurisdiction, powers and conduct of the arbitral tribunal, shall be determined by the Courts of Province of Ontario, and the parties hereby agree that neither of them shall apply to the Courts in any other jurisdiction for relief related to the subject matter or conduct of the arbitration.*

*The award of the Arbitration Tribunal shall be a final and conclusive award and judgment with respect to all matters property before the arbitration tribunal in accordance with the Rules.*

*The award of the Arbitration Tribunal may be entered and enforced by any court in any jurisdiction having jurisdiction over the parties and/or the subject matter of the award and/or the properties or assets of either of the parties.* (Emphasis added.)

We further find and conclude that the Agreement is a contract providing for commerce among the States, territories and foreign nations as described in 9 U.S.C. § 1 and 3 and is governed by the provisions of the United States Arbitration Act and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. 21 U.S.T. § 2517 (1970), T.I.A.S. No. 6997, reprinted following 9 U.S.C. § 201 (1981). The Convention was ratified by the United States on December 29, 1970. Canada also became a party to the Convention on May 12, 1986. *See* Article XVI, 9 U.S.C. § 201 note.

In view of the foregoing, we must compel the submission of all controversies

to arbitration pursuant to the express agreement of the parties. It is well established that once there is a binding agreement to arbitrate, courts lack discretion and must enforce the agreed-upon arbitration proceeding. *See e.g., Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985); *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1885); *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

■ Furthermore, none of the arguments raised by PRS in its opposition persuades us to reach a different result. The first argument developed by defendant is that this Court lacks subject matter jurisdiction since, in its opinion, the actual damages that may be claimed by plaintiff do not exceed $50,000. Defendant's position is without merit.

■ An allegation made in good faith by the party seeking diversity jurisdiction that more than $50,000 is in controversy will suffice to confer jurisdiction, unless it appears *to a legal certainty* that the claim is really for less than the jurisdictional amount. *St. Paul Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). (Emphasis added.) Furthermore, "the court may believe it highly unlikely that plaintiff will recover the amount demanded, but this is not enough to defeat jurisdiction, unless it appears to a legal certainty that plaintiff cannot recover the amount which he has demanded." Wright, *Law of Federal Courts,* 4th Ed., p. 184 (1983), citing among others, *Weinberger v. Wiesenfeld,* 420 U.S. 636, 642 n. 10, 95 S.Ct. 1225, 1230 n. 10, 43 L.Ed.2d 514 (1975). "The question is whether to anyone familiar with the applicable law [the] claim could objectively [be viewed as worth the jurisdictional amount]." *Jiménez Puig v. Avis Rent–A–Car System,* 574 F.2d 37, 40 (1st Cir.1978).

Applying the aforementioned principles to the facts at bar, we conclude that the alleged violations on PRS' part involve the possibility of a detrimental effect on the sale of McCain products in the Puerto Rico market. That situation could, by itself, very well exceed the jurisdictional amount. Furthermore, there is an element of goodwill involved that could also reach and surpass the amount of $50,000. Considering both together, we have no doubt that the "legal certainty test" has not been met, and that it seems far from "highly unlikely that plaintiff will recover the amount demanded." Therefore, we conclude that this Court has subject matter jurisdiction over this controversy.

Defendant's three other arguments are based on the enforceability of the arbitration clause. First, PRS alleges overwhelming economic pressure and duress on the part of McCain to force PRS to agree on an arbitration clause. These allegations, however, are unsupported and conclusory. Defendant, without more, merely states that "said capitulation by PRS was the result of McCain's acts of overwhelming economic pressure and duress on PRS." In light of the foregoing, we must presume that PRS entered into the agreement to arbitrate voluntarily.

■ Defendant further argues that the arbitration forum is not reasonably related to the parties' commercial relationship. Defendant agreed to the City of Toronto as the place of arbitration. The clause is clear and was accepted by both parties. We find no merit in defendant's allegation, and therefore hold that the arbitration clause is enforceable in this respect.[1]

■ Finally, defendant alleges that this Court may not compel arbitration in Ontario under the forum non-conveniens doctrine. As defendant admits, the forum selection clause must be strictly enforced, unless the enforcement would be "unreasonable," or unless the resisting party could show countervailing or compelling reasons why it should not be enforced. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10–12, 92 S.Ct. 1907, 1913–14, 32

---

1. This Court has often compelled arbitration in other fori. *See Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, supra,* (disputes were sent to Japan for arbitration, to be solved according to the laws of the Swiss Confederation); *Sea–Land Service, Inc. v. Sea–Land of Puerto Rico, Inc.,*

L.Ed.2d 513 (1972). Defendant has failed to establish the aforesaid countervailing reasons and must therefore abide by the forum selection clause to which it agreed.

Accordingly, plaintiff's Motion to Compel Arbitration is GRANTED. The parties shall submit to arbitration before the London Court of Arbitration in Toronto, Canada, without further proceedings before this Court.

SO ORDERED.

### JUDGMENT

The Court having ordered the parties to submit to arbitration, this action is hereby DISMISSED, without prejudice.

SO ORDERED AND ADJUDGED.

636 F.Supp. 750 (D.P.R.1986) (plaintiff was ordered to submit his Law 75 claim to an arbitration panel in Miami, Florida); *Propane Gas Co. of P.R., Inc. v. Sony Consumer Products Co.,* 613 F.Supp. 215 (D.P.R.1985) (plaintiff was ordered to submit his Law 75 claim to an arbitration panel in New York); *Michael v. NAP Consumer Electronics Corp., et al,* 574 F.Supp. 68 (D.P.R. 1983) (plaintiff was ordered to arbitrate his Law 75 claim in Tennessee). *See also World Films, Inc. v. Paramount Pictures Corp.,* Opinion and Order and Judgment of January 31, 1990, 90 JTS 17 (arbitration in Florida was compelled).