**CARAVI DISTRIBUTORS, INC., Plaintiff,**

v.

**HITACHI HOME PRODUCTS (AMERICA), INC., Defendant.**

**Civ. No. 91–1500 (RLA).**

United States District Court, D. Puerto Rico.

Feb. 9, 1994.

---

Edgar Cartagena Santiago, Ivan R. Fernández Vallejo, Brown Newsom & Cordova, Hato Rey, PR, for defendant.

## ORDER OF TRANSFER TO CENTRAL DISTRICT OF CALIFORNIA

ACOSTA, District Judge.

Present before the Court for disposition is plaintiff's request that an agreement to arbitrate its claims in Atlanta, Georgia be declared void. In the event the Court grants this petition, we must then consider defendant's motion for transfer of venue in accordance with 28 U.S.C. § 1404.

### BACKGROUND

This action was initiated by CARAVI DISTRIBUTORS, INC. ("CARAVI") pursuant to the Puerto Rico Distributor's Law, P.R.Laws Ann. tit. 10 § 278 *et seq.* (1976) alleging HITACHI HOME ELECTRONICS (AMERICA), INC. ("HITACHI") violated the distributorship agreement entered into between them by *inter alios,* selling its products directly to other wholesalers. After the complaint was filed defendant filed a motion for change of venue (to California) based on the forum selection clause included in their contract. Before this motion was decided, counsel for defendant and plaintiff's **previous** counsel filed a motion for stay of these proceedings alleging an agreement that had been reached to submit the issues in the complaint to arbitration in Atlanta, Georgia.

On May 14, 1992 (docket No. 16) the petition for stay was granted. Thereafter, on June 17, 1992 (docket No. 17), plaintiff's **previous** counsel filed a motion withdrawing his representation in this action. New counsel entered his appearance on August 31, 1992 (docket No. 19) and on September 4, 1992 (docket No. 20) moved for lift of the stay pending arbitration indicating that his client had **never** authorized the agreement to arbitrate in Georgia. Defendant, on the other hand, alleges that the parties have a valid understanding which should be enforced and wishes to take the deposition of the **previous**

Jorge R. Davila, Guaynabo, PR, for plaintiff.

counsel to verify whether or not MR. VI-RELLES, as president of CARAVI, indeed had consented to the arbitration and simply changed his mind later on.[1] According to defendant, the negotiating process for the Georgia arbitration agreement developed as a result of a series of telephone conferences held between HITACHI's representative, HITACHI's attorney and former counsel for CARAVI the afternoon of April 1, 1992. "During all the telephone calls related to the arbitration agreement I had the impression that Mr. Carbia was requesting and receiving the authorization from his client." Sworn Statement of Edgar Cartagena Santiago, Esq., Exh. I ¶ 10 to Opposition to Plaintiff's Request for Relief of Stay Pending Arbitration ... (docket No. 25).

## AUTHORITY TO BIND ARBITRATION

■ A Joint Motion for Stay of Proceedings Pending Arbitration subscribed by both counsel was filed on May 6, 1992 (docket No. 15)[2] indicating the parties had "agreed to submit to arbitration the controversy subject of the complaint" and that "the parties have signed an arbitration agreement". According to the record, a series of meetings were held between the attorneys and drafts of proposed agreements to arbitrate were also exchanged between plaintiff's former counsel and the attorney for the defendant but no finalized document was signed.

■ It is for the courts and not an arbitrator to rule on the threshold issue as to whether or not a valid arbitration agreement exists. This includes a finding of whether or not there was "authority to bind another to an arbitration agreement". *Chastain v. Robinson–Humphrey,* 957 F.2d 851, 856 (11th Cir.1992) (validity of parent's signature on daughter's behalf to be decided by court);

*Republic of Nicaragua v. Standard Fruit Co.,* 937 F.2d 469, 480 (9th Cir.1991) (whether subsidiary bound by arbitration based on agency principles properly before the court rather than arbitrator); *Three Valleys Mun. Water Dist. v. E.F. Hutton,* 925 F.2d 1136, 1144 (9th Cir.1991) ("authority to bind other plaintiffs to the agreements containing the arbitration clauses.")

## AUTHORITY TO SETTLE— APPLICABLE LAW

At this time we are called upon to decide whether or not plaintiff is bound by his former counsel's agreement to waive judicial proceedings and to proceed instead by way of arbitration in Georgia. Defendant insists on taking counsel's deposition to corroborate that the client had endorsed this alternate route and is therefore required to proceed to arbitration.

■ A determination as to whether or not an attorney can bind his client to a settlement agreement will be decided according to state law in those instances where the action does not pertain to federal rights. *Michaud v. Michaud,* 932 F.2d 77, 80 n. 3 (1st Cir. 1991) (courts will "apply federal law to the issue of an attorney's authority to settle a civil action brought under federal law".); *Edwards v. Born, Inc.,* 792 F.2d 387, 389 (3rd Cir.1986) ("[state] law provides the rule of decision on the question of an attorney's authority to settle his client's action when the action does not implicate rights and duties derived from federal law."); *Glazer v. J.C. Bradford & Co.,* 616 F.2d 167, 169 (5th Cir. 1980) ("in a diversity suit ... state law controls whether a ... settlement was made.")

This is a diversity action based on rights asserted pursuant to a local provision. Therefore, we will look at the pertinent Puer-

---

1. Plaintiff opposes any discovery regarding the contents of any such conversation based on the attorney-client privilege. Given our ruling regarding the import of such an agreement, we need not address this particular issue.

2. Plaintiff's petition is premised on Rule 60 Fed. R.Civ.P. dealing with setting aside judgments.

However, inasmuch as judgment has not been entered, this particular provision is inapposite. Further, we do have inherent authority to review the adequacy of the stay entered in this action as in the case of any other interlocutory order entered in a case.

to Rico statutes to ascertain the legal significance of an understanding reached by plaintiff's former counsel. Puerto Rico law provides that agents, i.e., attorneys, need **express** authorization to either settle claims on behalf of their clients or refer matters to arbitration. P.R.Laws Ann. tit. 31 § 4425 (1990). Further, settlement by corporations may only be accomplished "in the manner and with the requisites necessary to **alienate** their property." P.R.Laws Ann. tit. 31 § 4823 (1990) (emphasis ours). Agents can only dispose of corporate property or enter into settlement agreements on behalf of a corporation when expressly authorized by the Board of Directors as reflected in corporate resolutions. P.R.Laws Ann. tit. 14 § 2001 (1989).

■ MR. VIRELLES, as president of CARAVI, submitted an affidavit indicating that the plaintiff corporation never authorized the arbitration in Georgia and that there are no corporate resolutions to that effect. Since the necessary corporate formalities were not complied with, we find that there is no need to conduct discovery as to what MR. VIRELLES may have told former counsel since these statements would not be legally sufficient to bind CARAVI. Absent a corporate resolution, the attorney's representations may not be utilized to enforced the agreement. Therefore, we find that there is no need to conduct discovery in this regard and defendant's request to take the deposition of MR. VIRELLES must be DENIED.

Having determined that any compromise to arbitrate in Atlanta cannot be enforced, we must now rule on the appropriate forum for ventilating plaintiff's claim.

### FORUM SELECTION CLAUSE

The distribution contract in question contains a forum selection clause which provides that any suit arising as a consequence of the contract will be filed in California. Further, the parties waived the right to a jury trial with a proviso that should this waiver be rejected by the court, they would arbitrate their claims in California.

The pertinent provisions for the distribution contract dated January 1, 1990 read as follows:

**23. Disputes, Resolution Procedures.**

**A. Forum For Disputes.** Any litigation instituted by distributor against HITACHI relating to any breach or termination of this agreement ... must be instituted in the **state of California**....

**B. Waiver of Jury Trial.** The parties mutually acknowledge and agree that any litigation between the parties relating to any breach or termination of this agreement ... may involve difficult or complex issues which may better be understood by a judge rather than a jury. Accordingly, the parties hereby knowingly, voluntarily and intentionally **waive their rights to a jury trial** in connection with any such litigation, and consent to a trial before a judge or a magistrate sitting without a jury.

**C. Arbitration.** The parties **may not invoke any arbitration remedies in the first instance.** However, **if ... a court ... declares the provisions of subparagraph B** hereof **invalid or otherwise refuses to enforce** such provisions, then any controversy ... relating to any breach or termination of this Agreement ... shall be settled by **arbitration** before the American Arbitration Association in LOS ANGELES, CALIFORNIA in accordance with the Commercial Arbitration Rules....

(emphasis ours).

The Supreme Court, in reviewing a transfer of venue petition under 28 U.S.C. § 1404(a),[3] held that the parties' forum

---

3. 28 U.S.C. § 1404(a) reads as follows:
   **§ 1404 Change of Venue**
   (a) For the convenience of the parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought.
....

choice in a contract would be considered as one additional element in its determination as to whether or not to grant the motion together with the other statutory provisions, i.e., convenience of the parties, witnesses and the interest of justice. *See Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).[4]

The main arguments set forth by plaintiff to justify maintaining this litigation in this forum can be summarized as follows: it is a local corporation; all its principals reside here; its business is carried out in this jurisdiction and the witnesses to prove its case are not amenable to subpoena in California. CARAVI further argues that the clause providing for disputes to be resolved in California was not freely negotiated by the parties in that it was imposed by defendant as part of a standard contract.

Defendant, on the other hand, counters all these arguments by indicating that its relevant contacts are in California where it is incorporated and does business and where its witnesses are located. Defendant further argues that CARAVI is an experienced and competent enterprise and the business relationship between them dates back to 1978. Further, as indicated in an affidavit subscribed by GARY WOOTEN, Director of Regional Sales and formerly Manager of Special Markets for HITACHI, it is not defendant's policy to force clauses upon dealers, and on occasions, the choice of forum clause has been deleted from contracts. Lastly, defendant points out that arbitration, if ultimately required, will be held in California according to the terms of the contract and it would be more convenient if the case was already in that jurisdiction.

We find that, based on the evidence in the record, plaintiff has failed to establish that requiring it to litigate its claims in California would be oppressive. There are, of course, the obvious inconveniences caused by the distance from Puerto Rico to California but distance *per se* is not unreasonable. The reverse is also true in that defendant would be equally burdened if forced to litigate in this jurisdiction. The same argument holds true for availability of witnesses. Should defendant be ordered to remain in this forum it would not have available subpoena mechanism at trial. This hurdle, however, can be cured by deposition testimony. Further, we do not find the interests of justice impaired by granting the change of venue request. Given defendant's ties with California, that State is not totally alien to the contract at issue in this action. Lastly, our counterpart in California is competent to provide plaintiff with an adequate forum to ventilate its complaints. Lastly, we find that the contract terms are clear and were freely negotiated between the parties both of which are experienced and competent business entities.

Accordingly, plaintiff must abide by the consequences of its own free decision to proceed with this case in California.

### CONCLUSION

1. The Motion ... for Relief of Order Staying Proceedings Pending Arbitration (docket No. 20) is **GRANTED.**

2. The *Motion for discovery on the Issue of Arbitration* (docket No. 29) is **DENIED.**

3. The Motion for Transfer of Venue ... (docket No. 4) is hereby **GRANTED** and this

---

4. There is a certain degree of confusion over which factors to consider when ruling on the applicability of a forum selection clause in cases not dealing with a § 1404 transfer since it is unsettled whether the validity of this type of clause will be considered a procedural or substantive question under *Erie. See Lambert v. Kysar,* 983 F.2d 1110, 1116 n. 10 (1st Cir.1993) (dismissal under Rule 12(b)(6) Fed.R.Civ.P.) However, previous cases addressing venue questions with regard to the Puerto Rico Dealer's Act have examined the circumstances surrounding the contract provisions to determine whether enforcing its terms would prove unreasonable to the party objecting to it under forum non conveniens principles. *Royal Bed & Spring Co. v. Famossul Industria,* 906 F.2d 45 (1st Cir.1990) (choice of forum: Brazil); *Caribe BMW v. Bayerische Motoren Werke,* 821 F.Supp. 802 (D.P.R. 1993) (choice of forum: Germany); *McCain Foods Ltd. v. Puerto Rico Supplies, Inc.,* 766 F.Supp. 58 (D.P.R.1991) (choice of forum: Canada).

We find that utilizing either approach will lead to the same result in this action since the relevant elements for both overlap.

case is hereby TRANSFERRED TO THE U.S. DISTRICT COURT, FOR THE CENTRAL DISTRICT OF CALIFORNIA IN LOS ANGELES.

Judgment shall be entered accordingly.

IT IS SO ORDERED.