Dias v. Bogins                          CV-94-445-L   05/01/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Antone J. Dias


    v.           #C-94-445-L


Sharon A. Bogins



## ORDER ON MOTION RELATIVE TO FEDERAL RULE CIVIL PROCEDURE 58.


On December 20, 1994 the court granted defendant's motion for summary judgment. Judgment was entered on December 22, 1994.

On March 1, 1995 the plaintiff filed a motion entitled, "Motion For Relief From Judgment Under Rule 60(b)(3); Judgment Obtained By Fraud On The Court, Perjury, Misconduct Of Opposing Party." Plaintiff on the same date filed a thirty page document entitled, "Memorandum Of Law Supporting Plaintiff's Motion For Relief Under Rule 60(b)(3) Judgment Obtained By Fraud On The Court, Perjury, Misconduct Of Opposing Party". By a margin ruling the court denied the motion on March 31, 1995.

As part of the present motion addressing the court's non-compliance with Fed. R. Civ. P. 58, the plaintiff also seeks to restore his case to the docket for transfer to the Federal District Court of Maine, pursuant to 28 U.S.C. § 1404.

In supporting his Rule 58 argument, the plaintiff cites to the case of <u>Fiore v. Washington County Community Mental Health Center</u>, 960 F.2d 229 (1st Cir. 1992) heard en banc.

In <u>Fiore</u>, the court ruled that the "separate document" requirement of Fed. R. Civ. P. 58 should be applied in the context of post-judgment motions, and concluded that meticulous compliance with the rule was necessary. <u>Id</u>.

"Rule 58 provides that `every' judgment shall be set forth in a separate document and Rule 54(a) defines the word `judgment' to include `a decree and any order from which an appeal lies.' In this circuit, it is well established that denials of Rule 60(b) motions are appealable orders." <u>Id</u>. at 232 (citations omitted).

"The sole purpose of the separate document requirement, enacted by a 1963 amendment to Rule 58, was `to establish a certain reference point for determining the timeliness of post-judgment motions and appeals.'" <u>Id</u>. at 233 (citing <u>Alman v. Taunton Sportswear Mfg. Cord.</u>, 857 F.2d 840, 843 (1st Cir. 1988).

The <u>Fiore</u> court went on to state at page 239 of its opinion the following.

> 1. Any order denying (as well as granting) post-judgment motions under Rules 50(b), 52(b) and (e), and 60(b) of the Federal Rules of Civil Procedure must be set forth on a "separate document."

2. A "separate document" is a document originated by the court, not a party, separate from any other paper filed in the case.  A marginal note on a copy of a motion, for example, will not suffice.  Normally, under Rule 58(1), clerks should draft the document for the judge's approval.

3.  If a party appeals a judgment that complies with the requirements of Rule 58 <u>except</u> that for a separate document

    a.  within a period that would make the appeal timely if judgment had been entered on a "separate document," we will not dismiss the appeal for lack of such a document but will deem the appellant to have waived his right to it.

    b.  after the period in subparagraph (a) but within three months of the final action in the case, as set forth in subparagraph (a), we will deem appellant to have waived the right to a "separate document."  If, however, no appeal has been filed, the party will be free to argue that judgment has not yet been "entered" as Rule 58 requires, and that the time to file an appeal therefore has not yet begun to run.  If, before appealing, the party files a motion to set forth the judgment on a "separate document," the district court should do so.

    c.  more than three months after the last action in the case, we shall, absent exceptional circumstances, deem the party to have waived his right to a judgment  entered on a separate document.  Such an appeal therefore will be dismissed as untimely.


It appears, in view of the plaintiff's objection to this court's margin ruling, that this court did not comply with the <u>Fiore</u> case and will rule now on a separate document.

What the plaintiff has done in his original motion for relief is to state that this court should give credence to his

unfounded scurrilous accusations against the defendant and her attorney at the time, Tony F. Soltani, as to alleged misconduct. The allegations of alleged misconduct were considered by this court, in response to defendant's motion for summary judgment filed on October 6, 1994.

The present motion is a rehash of his objection to defendant's original motion for summary judgment filed on October 24, 1994, along with a request for special action filed on October 11, 1994.

Additionally the plaintiff now has the temerity to request that this court, in the alternative, now transfer this case to the United States District Court in Maine. This is after he originally filed this action in the United States District Court, Eastern District of Pennsylvania, that court having ruled that it lacked jurisdiction.

The plaintiff has blithely disregarded the case law cited by this court for the proposition that on the facts in this case he could not prove damages in excess of $50,000.00. Namely, Department of Recreation and Sports v. World Boxing Association, 942 F.2d 84, (1st Cir. 1991) and Jimenez Puig v. Avis Rent-A-Car System, 574 F.2d 37 (1st Cir. 1978).

With respect to plaintiff's request to transfer this case to the United States District Court for the District of Maine, the

4

court incorporates once again in this order the last paragraph of its December 20, 1994 order granting defendant's motion for summary judgment.

> "The defendant's Motion for Summary Judgment is granted with a caveat to the plaintiff if he contemplates any further action in another forum such as the New Hampshire Superior Court. This court deems this a close case on whether or not to impose sanctions on what appears to be a vendetta and the use of federal courts to harass the defendant."

Disregarding the above, the plaintiff now has the audacity to suggest that a third jurisdiction, The United States District Court for the District of Maine, entertain hearing this action after it has been dismissed here.

The court denies plaintiff's motion for relief from judgment under Rule 60(b)(3) and makes this further order. At the hearing on May 10, 1995 the plaintiff shall show cause why sanctions should not be issued against him for abuse of process.

May 1, 1995

                                        _____
                                          Martin F. Loughlin
                                          Senior Judge

Antone J. Dias
Shara L. Fosnight, Esq.