Susy **SOLIS–PEREZ, et al., Plaintiffs,**

v.

**AMERICAN FAMILY LIFE ASSUR-ANCE COMPANY OF COLUM-BUS, Defendant.**

**Civil No. 97–1692 (DRD).**

United States District Court, D. Puerto Rico.

March 31, 1998.

John E. Mudd, Ortiz Toro & Ortiz Brunet, San Juan, PR, for Plaintiff.

Jose L. Gandara, Bauza & Davila, Old San Juan, PR, for Defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court is Defendant's summary judgment motion, requesting dismissal for lack of jurisdictional amount and for failure to state a claim upon which relief can be granted. (Docket No. 3.) For the reasons stated below, the court grants the motion.

### I

In the instant breach of contract and fraud action, Plaintiffs claim $50,000 in benefits under a life insurance policy issued by Defendants and $200,000 in damages. The insured was an aviation mechanic and one of his duties was to fly with the pilots of the airplanes which he repaired. During one of these check-ups, the airplane crashed and he lost his life.

Due to the nature of his employment, the insured and his wife had previously wished to purchase a policy that covered the precise risk of an aviation accident and, as Plaintiffs allege, Defendant represented to them that the policy they purchased would provide said coverage. Plaintiffs further allege that they totally relied on these representations which Defendant's agent made. After the accident, though, Defendant rejected Plaintiffs' insurance claim because the policy clearly and unambiguously excluded the aviation accident. Hence, Plaintiffs filed the instant complaint for breach of contract and fraud.

The policy clearly and unambiguously provides:

### LIMITATIONS AND EXCLUSIONS

We will not pay benefits for an accident that is caused by or occurs as a result of the following:

. . . .

E. Participation in any form of aviation flights other than as a fare-paying passenger in a duly authorized passenger-transporting aircraft.

The policy also contains an integration clause, stating that the policy, together with the application, is the entire contract of in-

surance. Further, the policy specifically warns that the insured should read the entire document and that, if the insured is not satisfied because the policy does not comply with the insured's objectives, the insured can return the policy within thirty days as void. Moreover, the application states that "the insurance [Plaintiff is] now applying for will be issued solely upon the written answers to questions and information asked for in this application; [Defendant] is not bound by any statement made by [Plaintiff] the applicant, or any associate of [Defendant] unless written herein."

## II

The United States Supreme Court has enunciated the standard for determining whether or not an action meets the monetary minimum required for federal jurisdiction. The court stated:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount.... But if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Saint Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). This standard was applied more recently in *Jimenez Puig v. Avis Rent a Car System,* 574 F.2d 37, 39 (1st Cir.1978) and it is the standard the court must apply today. *D'Amato v. Rhode Island Hospital Trust National Bank,* 772 F.Supp. 1322, 1324 (D.R.I.1991). In the instant case, Defendant has not provided any arguments or evidence showing to a legal certainty that Plaintiffs cannot at least recover the jurisdictional amount. Therefore, the court cannot dismiss on these grounds.

## III

The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary." *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997) (citing *Wynne v. Tufts Univ. Sch. of Medicine,* 976 F.2d 791, 794 (1st Cir.1992)). A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "To defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a trial worthy issue as to some material fact." *Cortes–Irizarry v. Corporacion Insular De Seguros,* 111 F.3d 184, 187 (1st Cir.1997). "In applying this formulation, a fact is 'material' if it potentially affects the outcome of the case", *Vega–Rodriguez,* 110 F.3d at 178, and "genuine" "if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortes–Irizarry,* 111 F.3d at 187. "Speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant in the face of a properly documented summary judgment motion. Moreover, even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 95 (1st Cir.1996) (citations omitted).

## IV

In *Borschow Hosp. & Medical v. Cesar Castillo Inc.,* 96 F.3d 10 (1st Cir.1996), the court held that the contract in question, containing clear provisions and an integration clause, nullified any other oral expression of

the parties' intentions. Under Puerto Rico law, "[i]f the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." *Id.* at 15 (citing P.R.Laws Ann., tit. 31 § 3471). "When an agreement leaves no doubt as to the intention of the parties, a court should not look beyond the literal terms of the contract." *Vulcan Tools of Puerto Rico v. Makita USA, Inc.,* 23 F.3d 564, 567 (1st Cir.1994). This interpretation is complemented by Puerto Rico's parol evidence rule that requires courts to ignore extrinsic evidence when the agreement is clear and unambiguous. *Borschow,* 96 F.3d at 15. *See also Ocasio v. San Juan Dock Co., Inc.,* 75 P.R. Dec. 930, 938–39 (1954) (holding that the parol evidence rule prohibits the court from entertaining extrinsic evidence of the plaintiff's desired coverage at the time it purchased the defendant's insurance policy, while having contracted for lesser coverage that clearly and unambiguously appeared in the policy).

As in *Borschow, Vulcan Tools* and *Ocasio,* the court has no choice but to apply the clear and unambiguous exclusion of the policy in the instant case. The integration clause must nullify any other evidence as to the parties' intentions. If Plaintiffs were originally misled into purchasing the policy, they had the opportunity to read the policy, as advised, to find the exclusion and to return the policy as void. Yet, they did not do so and the court must accept that the policy contains the insured's intentions. Hence, obliged by the parol evidence rule, the court finds that the clear and unambiguous intent of the parties was to exclude aviation accidents other than those where the insured would purchase a ticket for transportation as a passenger. Since Plaintiffs' allegations of a breach or fraud are paroled, Plaintiffs do not have a right to benefits or damages and the court must dismiss the complaint.

IT IS SO ORDERED.