**Constructora Andrade GUTIERREZ, S.A., Plaintiff,**

v.

**AMERICAN INTERNATIONAL INSURANCE COMPANY OF P.R., Defendant.**

**Civil No. 99–1811(JAG).**

United States District Court, D. Puerto Rico.

Feb. 26, 2003.

---

Jaime Brugueras–Cernuda, Munoz, Boneta, Gonzalez, Arbona, Benitez & Peral, San Juan, PR, for Plaintiff.

Francisco A. Rosa–Silva, Rosa Silva, Rosa Domenech & Hernandez Lopez de Victoria, PSC, Ivan R. Fernandez–Vallejo, Rodriguez & Fernandez, San Juan, PR, for Defendant.

Thomas E. Abernathy, IV, William L. Baggett, Jr., Smith, Currie & Hancock, LLP, Atlanta, GA, for Movant.

### OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On September 24, 2002, plaintiff Constructora Andrade Gutierrez ("CAG") filed a Motion to Dismiss and/or to Stay C & M

Constructora's ("C & M") cross-claims.[1] (Docket No. 81.) C & M opposed CAG's motion on October 4, 2002. (Docket No. 82.) CAG replied to the opposition on October 28, 2002. (Docket No. 85.)

In its motion, CAG argues that C & M's claims against CAG are subject to a mandatory arbitration clause contained in the joint venture agreement of November 6, 1995. After a careful review of the record, the Court finds that C & M's claims against CAG are subject to mandatory arbitration.

The pertinent facts of the case are simple. CAG (a Brazilian corporation) and C & M (a company headquartered in the Dominican Republic) entered into a joint venture agreement on November of 1995 to do some construction work to a highway in the Republic of Haiti. The joint venture agreement contained a mandatory arbitration provision requiring that all disputes related to the interpretation or performance of the agreement be submitted to an arbitral tribunal in Switzerland pursuant to the rules of the International Chamber of Commerce ("ICC"). Paragraph 24 of the Agreement provides:

> Any dispute related to the interpretation or performance of the present agreement shall be ruled upon in accordance with the Reconciliation and Arbitration Regulations of the International Chamber of Commerce, by an arbitrator appointed under the conditions provided by said Regulations.
> The arbitration shall take place in Geneva, Switzerland; the applicable law shall be that of the Canton of Geneva.

(Docket No. 81, Exhibit 2.)

■ The parties do not contest that the Agreement between C & M and CAG is governed by the provisions of the United States Federal Arbitration Act and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. 21 U.S.T. § 2517 (1970), T.I.A.S. No. 6997, reprinted following 9 U.S.C. § 201 (1981). Rather, C & M argues that CAG waived its right to arbitration by bringing the claim for collection of monies against AIICO in this Court. (Docket No. 82.) In essence, C & M contends that CAG waived its right to arbitrate because in order to bring its suit against AIICO (C & M's surety) it would have to prove that C & M breached the underlying joint venture agreement. The Court disagrees with C & M's characterization of the instrument issued by AIICO in favor of CAG. (*See* Opinion and Order of February 25, 2003.) The Court has ruled that AIICO issued an instrument in favor of CAG in May of 1996 that is akin to a letter of credit and that the same is wholly independent from the joint venture agreement between CAG and C & M. Therefore, it follows that CAG has not waived any of its rights to arbitrate claims under the joint venture agreement by having brought forth an independent claim for collection of monies against a party who was not a signatory to the joint venture agreement.

■ "It is well established that once there is a binding agreement to arbitrate, courts lack discretion and must enforce the agreed-upon arbitration proceeding." *McCain Foods Ltd. v. Puerto Rico Supplies, Inc.*, 766 F.Supp. 58, 60 (D.P.R.1991) (citations omitted); The arbitration agreement at issue in this case meets the requirements of the Convention as set forth

1. "Section 3 of the Federal Arbitration Act ... contains a procedure by which parties to an arbitration agreement may filed a motion to stay the trial of arbitrable claims pending arbitration." *Commercial Union Ins. v. Gilbane Bldg. Co.*, 992 F.2d 386, 387 (1st Cir.1993)(citing 9. U.S.C.A. § 3) (West 1970).

in *DiMercurio v. Sphere Drake Ins.*, 202 F.3d 71, 74 n. 2 (1st Cir.2000).[2] As previously discussed, there was a written agreement to arbitrate in paragraph 24 of the joint venture agreement. In addition, the first count of C & M's cross-claim explicitly alleges a breach of the joint venture agreement. (*See* Docket No. 36.) Moreover, the arbitration agreement provides for arbitration in Switzerland, a territory signatory to the Convention. Additionally, the arbitration agreement arises out of a commercial relationship between CAG and C & M, none of which is an American citizen.

### CONCLUSION

In view of the aforementioned, the Court finds that if C & M intends to pursue its claims against CAG, it must commence an arbitration proceeding in accordance with the arbitration clause in the joint venture agreement. Therefore, the Court hereby **GRANTS** CAG's motion Motion to Dismiss and/or Stay C & M's cross claim pending arbitration (**Docket No. 81**). Judgment will be entered accordingly.

IT IS SO ORDERED.

---

**2.** The four preliminary questions that the Court must consider are: "(1) is there a written agreement to arbitrate the subject of the dispute? (2) does the agreement provide for arbitration in the territory of a signatory to the Convention? (3) does the agreement arise out of a commercial relationship? (4)is a party to the Agreement not an American citizen, or does the commercial relationship have some reasonable relation with one or more foreign states?" *DiMercurio*, 202 at 74 n. 2 (citing *Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186–187 (1st Cir.1982)).